# Murphy et uxor *versus* Bright et al.

1. A married woman may contract by her husband in regard to her own separate property.
2. The question of the wife's liability to a contract should be raised in the court below; it is too late to dispute it in the Supreme Court.

ERROR to Common Pleas of *Schuylkill County*.
Opinion by
READ, J.—One of the provisos of the 6th section of the act of the 11th April, 1843, expressly says: "That nothing in this act shall be construed to protect the property of any such married woman from liability for debts contracted by herself or in her name by any person authorized so to do." Mrs. Murphy being the owner of a lot of ground in Pottsville, by her husband, Michael Murphy, entered into a written contract with Washington Taylor, on the 29th May, 1849, by which the latter was to erect two three-story brick buildings on this property. In the court below there was no dispute that Mr. Murphy was fully authorized by his wife to enter into this contract for her, and in her name; and in his charge to the jury, the learned judge says: "Margaret Murphy erected two buildings on a lot of ground on Centre Street, Pottsville, for the erection of which Washington Taylor was the contractor." To this no exception was taken, and it is too late to raise the question in this court as to the liability of Mrs. Murphy, when it distinctly appears that it was not made in the court below.

The charge of the court with regard to the effect of the receipt given by the plaintiffs was perfectly proper, and all the other assignments of error being abandoned by the defendants' counsel, there being nothing in them, the judgment is affirmed.